**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Steven W. Thiel,<br><br>   Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV 12-00801-PHX-FJM<br><br>**ORDER** |

  The court has before it plaintiff's opening brief (doc. 14) and defendant's opposition to plaintiff's opening brief (doc. 15). Plaintiff has not replied and the time for doing so has expired. Plaintiff filed an application for Disability Insurance Benefits on July 25, 2009, alleging an onset of disability of July 12, 2008, when he was 54 years old. His application was denied initially and upon reconsideration and he requested a hearing. An administrative law judge ("ALJ") with the Social Security Administration held a hearing on July 20, 2010, and issued an unfavorable decision. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review.

  The ALJ followed the required five-step procedure in finding that petitioner was not disabled within the meaning of the Social Security Act. See 20 C.F.R. § 404.1520(a). At step one, the ALJ determined that plaintiff has not performed substantial gainful activity since July 12, 2008. The ALJ found at step two that plaintiff's COPD is a severe impairment.

1  But at step three the ALJ found that plaintiff's impairment did not meet or equal a listed
2  impairment.  Next, the ALJ assessed plaintiff's residual functional capacity ("RFC") and
3  found that plaintiff could perform a full range of work at all exertional levels with the
4  nonexertional limitation of avoiding exposure to excessive lung irritants.  The ALJ found at
5  step four that plaintiff is capable of performing his past relevant work of heavy equipment
6  operator and concrete laborer.  Alternatively, at step five, the ALJ found that his
7  nonexertional limitations have little or no effect on ability to perform unskilled work at all
8  exertional levels and there are jobs existing in significant numbers which plaintiff is able to
9  perform.  As a result, the ALJ concluded that plaintiff is not disabled.

**I**

11  We "disturb the denial of benefits only if the decision 'contains legal error or is not
12  supported by substantial evidence.'"  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir.
13  2008) (citation omitted).  "Substantial evidence is such relevant evidence as a reasonable
14  mind might accept as adequate to support a conclusion."  Id. (internal quotation marks and
15  citation omitted).  The "evidence must be more than a mere scintilla but not necessarily a
16  preponderance."  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  "Where evidence
17  is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be
18  upheld."  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

**II**

20  Plaintiff contends that the ALJ erred by rejecting his subjective complaints and the
21  functional capacity assessment of his treating physician Dr. Melde.  Plaintiff first visited Dr.
22  Melde on January 27, 2009, when Dr. Melde diagnosed chronic obstructive pulmonary
23  disease ("COPD") and prescribed an Albuterol inhaler.  Dr. Melde also referred plaintiff to
24  a pulmonologist, Dr. Mulpari, who first saw plaintiff on February 10, 2009.  He noted that
25  plaintiff had smoked for the past 40 years and currently smoked about two packs of cigarettes
26  per day, and he strongly urged plaintiff to stop smoking.  He also "strongly counseled"
27  plaintiff to enter the hospital so they could fine tune his medications, but plaintiff refused.
28  Tr. at 210.  Over the next year, Dr. Mulpari prescribed oxygen and several additional

1  medications, including Spiriva, Prednisone, and Advair.

**III**

3 "[W]here the record includes objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which he complains, an adverse credibility finding must be based on 'clear and convincing reasons.'" Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1160 (9th Cir. 2008). An unexplained failure to seek treatment or to follow a prescribed course of treatment may support a conclusion that plaintiff is not credible. Orn v. Astrue, 495 F.3d 625, 637 (9th Cir. 2007). Although plaintiff alleges that his disability began in July 2008, he did not seek treatment until January 2009. His failure to assert a good reason for waiting six months to seek treatment casts doubt on the sincerity of his testimony, as do the gaps in treatment. He has no records with Dr. Melde or Dr. Mulpari from 2010, other than two visits to Dr. Melde in March when he followed up on a hospital stay for abdominal cramps. He also has no records of visits in 2011 other than a letter in which Dr. Mulpari stated that he was treating plaintiff for valley fever. These unexplained gaps in treatment suggest that plaintiff's symptoms may not have been as severe as alleged.

The ALJ noted that plaintiff complained of headaches, which he blamed on Spiriva. But Dr. Mulpari determined that since changing plaintiff's medication routine did not help the headaches, they were more likely related to plaintiff's sinuses due to his smoking. At the same visit he also suggested that plaintiff's headaches could be due to glaucoma and recommended that plaintiff visit an opthamologist, but there is no evidence in the record that plaintiff did so. Tr. at 205. Plaintiff reported not taking his medications other than Spiriva on a regular basis in May 2009. Tr. at 30, 204-05. The record contains no explanation for why he decided not to take his medication as prescribed. There is also no explanation for plaintiff's refusal to enter the hospital on Dr. Mulpari's strong recommendation.

Plaintiff agreed to quit smoking at his visit with Dr. Mulpari on February 24, 2009. Tr. at 207. He had not done so by May 2009, when Dr. Mulpari again "extensively" counseled him on the need to quit smoking. Tr. at 205. He also said he would try to quit in

- 3 -

August 2009 after another strong admonition from Dr. Mulpari. Tr. at 231. In November 2009, Dr. Mulpari once again "counseled him for about 10 minutes on quitting smoking face-to-face." Tr. at 228. The ALJ relied on plaintiff's failure to follow his doctor's advice to stop smoking as a basis for rejecting his testimony. But he did not determine whether plaintiff's ability to work would be restored if he followed this advice. See Byrnes v. Shalala, 60 F.3d 639, 641 (9th Cir. 1995). (ALJ did not specifically find that plaintiff failed to comply with treatment, that he lacked good cause for this failure, or that he could return to work if he stopped smoking; thus, ALJ made inadequate findings to reject subjective complaints). Even if his reliance on plaintiff's continued smoking was in error, any error is harmless because the ALJ relied on other bases for discounting plaintiff's testimony. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009).

Plaintiff reported doing relatively well in May 2009. Tr. at 30, 204. In November 2009, when he was taking all his medications on a regular basis, he reported not having a headache and "feeling pretty good right now." Tr. at 30, 227. Impairments which can be effectively controlled by medication are not disabling. Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ gave clear and convincing reasons supported by substantial evidence for finding plaintiff not credible.

**IV**

A treating physician's opinion is not conclusive, and the ALJ may disregard it whether or not it is contradicted. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). When the opinion of a treating physician is not contradicted, the ALJ must set forth clear and convincing reasons to reject the opinion. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1995). A treating physician's opinion may be given less weight if it is based mainly on plaintiff's subjective complaints and those complaints have been properly discounted. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999).

The ALJ should consider many factors when determining how much weight to give a treating physician's opinion, including length of treatment relationship, frequency of treatment, nature and extent of the treatment relationship, supporting evidence, consistency,

and specialization. 20 C.F.R. § 404.1527(c). Plaintiff contends the ALJ erred in rejecting Dr. Melde's opinion, a pulmonary impairment questionnaire completed in April 2010.

Plaintiff had a short relationship with Dr. Melde, with only fifteen months between his first visit and the questionnaire. Dr. Melde described his treatment of plaintiff as "sporadic." Tr. at 253. He originally prescribed Albuterol but did not prescribe other medications. He was not plaintiff's primary COPD physician. The ALJ found his opinion to be internally inconsistent because it limits plaintiff's walking, sitting, and standing for three hours total in an eight hour day while also acknowledging that he can occasionally lift more than 50 pounds. Plaintiff suggests that his hearing testimony resolves this conflict: he can pick up a heavy weight but must immediately put it down. When evidence is susceptible to more than one interpretation, we uphold the ALJ's determination. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Dr. Melde is a family practitioner, not a specialist in respiratory disorders. The short duration, infrequency, and minimal extent of treatment, the report's inconsistency, and Dr. Melde's lack of specialization all provide valid reasons for discounting his opinion.

The ALJ properly rejected plaintiff's accounts of his symptoms and limitations, providing another reason to discount Dr. Melde's opinion. Other than his own testimony, plaintiff points to no evidence in the record which limits his sitting and standing. Dr. Melde's limitations on these activities appear to be based on plaintiff's subjective complaints and therefore do not merit significant weight.

**V**

Plaintiff submitted additional evidence for consideration by the Appeals Council. We consider the ALJ's decision and this additional material on review. See Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993). Dr. Melde submitted two letters after the ALJ issued his decision, restating his opinion that plaintiff is disabled. Tr. at 266, 269. The letter dated April 18, 2011 is conclusory and deserves no weight as it simply states that he concurs with Dr. Mulpari's opinion. The second, dated January 4, 2011, restates the opinion considered by the ALJ and may be rejected for the same reasons. Moreover, it contains an inconsistency

1  not mentioned by the ALJ. Dr. Melde opines that plaintiff cannot carry more than twenty
2  pounds but places no restrictions on his ability to carry less than twenty pounds. Tr. at 269.
3  Yet plaintiff testified that the weight of an object does not matter and he is "automatically in
4  trouble" if he attempts to carry any weight at all. Tr. at 50-51.

5  Plaintiff submitted a letter from Dr. Mulpari, dated April 5, 2011, stating his opinion
6  that plaintiff cannot work consistently for any period of time. Tr. at 271. Dr. Mulpari saw
7  plaintiff four times in 2009. There are no treatment records after November 2009 other than
8  a letter stating that he was treating plaintiff for valley fever in November 2011. This
9  infrequent treatment provides good reason to discount his opinion.

10  Dr. Mulpari supported his conclusion with a pulmonary function test plaintiff had
11  taken in 2009, showing less than 35% lung function. But this test is three years old and took
12  place on February 5, 2009 – just over a week after first seeing Dr. Melde and being
13  prescribed medicine for COPD. Throughout the rest of 2009, he began taking at least three
14  other COPD medications. He reported feeling better. Moreover, the pulmonary function test
15  concluded that after bronchodilator therapy was administered, three measures showed
16  "significant improvement indicating that this patient would most likely benefit from ongoing
17  bronchodilator therapy." Tr. at 188. Albuterol (begun January 2009), Spiriva (begun
18  February 2009), and Advair (begun after August 2009) are all bronchodilators.[1] Tr. at 204,
19  207, 227, 230. Dr. Mulpari's opinion did not discuss the gap between treating plaintiff and
20  writing his report, the gap between the pulmonary function test and his report, or plaintiff's
21  use of bronchodilators. Moreover, plaintiff reported improvements since February 2009
22  when he took his medications regularly. Dr. Mulpari's opinion does not contain treatment
23  notes, exams, or information which was not part of the record before the ALJ. The Appeals

---

[1] U.S. Nat'l Library of Med., Fluticasone and Salmeterol Oral Inhalation (Aug. 1, 2010), http://www.nlm.nih.gov/medlineplus/druginfo/meds/a699063.html; U.S. Nat'l Library of Med., Tiotropium Oral Inhalation (Mar. 16, 2011), http://www.nlm.nih.gov/medlineplus/druginfo/meds/a604018.html; U.S. Nat'l Library of Med., Albuterol (Sept. 1, 2010), http://www.nlm.nih.gov/medlineplus/druginfo/meds/a607004.html.

1  Council did not err in rejecting Dr. Mulpari's opinion.

2  **VI**

3  Based on the foregoing, we conclude that the ALJ's determination that plaintiff is not
4  disabled, and therefore not eligible for benefits, is supported by substantial evidence in the
5  record. Accordingly, **IT IS ORDERED AFFIRMING** the Commissioner's denial of
6  benefits.

7  DATED this 10th day of October, 2012.

Frederick J. Martone
United States District Judge